THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNEDY CARTER | ) |
| | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., TRANS UNION, | ) |
| LLC, EQUIFAX INFORMATION | ) |
| SERVICES, LLC, | ) |
|     Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

COMES NOW the Plaintiff Kennedy Carter ("Ms. Carter" or "Plaintiff"), by Counsel, and for her Complaint against Defendants Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

1

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Georgia.

### III.   PARTIES

7. Plaintiff Kennedy Carter is a natural person residing in Atlanta, Georgia.

8. Plaintiff Kennedy Carter is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, Experian Information Solutions, Inc. is a California corporation duly authorized and qualified to do business in the State of Georgia.

10. Experian is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

11. Upon information and belief, Trans Union, LLC is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

12. Trans Union is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

13. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

14. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

## IV.  FACTS OF THE COMPLAINT

15. On or about June 5, 2025, Ms. Carter obtained copies of her consumer credit disclosures from each of the three nationwide consumer reporting agencies, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC, through www.annualcreditreport.com

16. Despite a requirement to disclose all information in her credit file at the time of her request, Defendants' disclosures failed to include a substantial amount of information actually present in Ms. Carter's credit file.

<u>Experian</u>

17. Under 15 U.S.C. § 1681g(a), upon receipt of Ms. Carter's request Defendants were required to "clearly and accurately" disclose all information in Ms. Carter's file at the time of her request, with the limited exception that her Social Security number could be truncated upon request.

18. Despite this statutory requirement, Experian's disclosure failed to include a substantial amount of information actually present in Ms. Carter's credit file.

19. Specifically, Experian failed to disclose years of payment history and full account numbers for multiple tradelines furnished by both Capital One and Edfinancial Services, LLC.

Equifax

20. Equifax was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Ms. Carter all the information in her file, subject to the same limited exception regarding truncation of her Social Security number.

21. Equifax's disclosure omitted critical information contained within her credit file, thereby failing to meet this requirement.

22. The omitted data included incomplete account numbers, inaccurate information, incomplete payment history, and incomplete account details.

23. These errors and omissions were numerous and included, but may not be limited to, the following:

    - RD/Cardinal Group Management: Incomplete account history and account details.

    - Capital One: Incomplete payment history, account details, and account history.

    - Edfinancial Services, LLC: Incomplete payment history, account details, and account history.

Trans Union

24. Similarly, TransUnion was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Ms. Carter's file, with the same limited exception regarding Social Security number truncation.

25. TransUnion's disclosure failed to include key information from Ms. Carter's credit file.

26. The omitted data included incomplete account numbers, inaccurate information, incomplete payment history, and incomplete account details.

27. These errors and omissions were numerous and included, but may not be limited to, the following:

    - <u>RD/Cardinal Group Management</u>: Incomplete account history and account details.
    - <u>Capital One</u>: Incomplete payment history and account details
    - <u>Edfinancial Services, LLC</u>: Incomplete payment history, account details, and account history.

28. Under 15 U.S.C. § 1681g(a), upon receipt of Ms. Carter's request, all Defendants were legally obligated to provide Ms. Carter with a complete and accurate disclosure of all information in her credit files at the time of her request.

29. Having a duty to disclose all of the information regarding the accounts in Ms. Carter's file, Defendants breached their duty by when it failed to

provide full account numbers, payment history, account details, and account history.

30. Such information is necessary for a consumer to be able to research and evaluate the information contained in his or her credit file.

31. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

32. On information and belief, all the aforementioned data furnishers furnished full account numbers, missing account information and payment history to Defendants, and this information was contained within each Defendant's file on Ms. Carter at the time of her disclosure request.

33. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Ms. Carter's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

34. Accordingly, Equifax's, Trans Union's, and Experian's violations of the FCRA were willful.

35. Ms. Carter is entitled to receive a complete, accurate, and transparent disclosure of her credit file from each CRA upon demand, at least once a

year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

36. By failing to meet this requirement, Defendants deprived Ms. Carter of a right expressly granted by federal law.

37. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA.

## CAUSES OF ACTION

38. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

39. All causes of action were the producing causes of damages, which Ms. Consumer suffered.

## FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681g
### (DEFENDANTS EXPERIAN, TRANS UNION, and EQUIFAX ONLY)

40. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

41. Defendants violated the FCRA.

42. Defendants' violations include, but are not limited to, the following:

Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

43. Experian, Trans Union, and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

44. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kennedy Carter respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Kennedy Carter and against Defendants Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC, for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e.  For such other and further relief as the Court may deem just and proper.

        Respectfully submitted:

        **Law By JW, LLC**
        1590 Jonesboro Rd. SE #6839
        Atlanta, GA 30315
        Phone: (832) 422-6362
        jeff@lawbyjw.com

By: _/s/ Jeffrey A. Wilson_
     JEFFREY A. WILSON